UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROGER REED, *individually and on behalf of all others similarly situated,* | Case No. 1:14-cv-1701-PAG |
| Plaintiff | Judge Patricia A. Gaughan |
| *v.* | **MOTION TO TRANSFER RELATED CASE** |
| NATIONSTAR MORTGAGE LLC | |
| Defendant | |

Pursuant to Local Civil Rule 3.1(b)(3) and (5), Plaintiff respectfully moves this Court to transfer this action to the docket of the Honorable Solomon Oliver because it is related to the earlier-filed case of, *Sinley v. Nationstar Mortgage LLC,* Case No. 5:14-cv-00273-SO.[1] [2]

The watchword when considering whether to transfer a related case is *economy. See, e.g., Breaking Glass Pictures v. Does,* No. 1:13-CV-805, 2013 U.S. Dist. LEXIS 143838, at *2 (N.D. Ohio Aug. 16, 2013) (Baughman, M.J.) (relating eight cases and transferring them to the docket of a single district judge with the earliest filed case in this group under provisions of Local Rule 3.1(b)(3) as early as possible in order to promote judicial economy and avoid inconsistent rulings on identical matters). As demonstrated herein, the interests of judicial economy would clearly be served by a finding of relatedness and a transfer of the *Reed* action to Judge Oliver's docket.

---

[1]  By this Motion, Plaintiff Reed seeks only to transfer the *Reed* action to Judge Oliver's docket because it is related to the *Sinley* action. However, Plaintiff Reed is ***not*** requesting that the *Reed* action be consolidated with the *Sinley* action.

[2]  Plaintiff filed this motion consistent with his designation of this matter as a "related action" in the civil cover sheet filed with the complaint. Plaintiff's counsel has contacted Counsel for the defense who does not consent to this motion.

The complaints in both the *Sinley* and *Reed* actions demonstrate that the two actions are clearly related because the defendant, factual scenarios, and legal claims in the two actions are nearly identical.  For example, the *Sinley* action involves individual claims brought by Plaintiff Sinley under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") against Nationstar Mortgage LLC ("Nationstar") arising from Nationstar having utilized an automatic telephone dialing system to contact Plaintiff Sinley's cellular telephone without having obtained Plaintiff Sinley's express consent to do so.   Similarly, the *Reed* action involves individual and class claims brought by Plaintiff Reed on behalf of himself and all others similarly situated under the TCPA against Nationstar arising from Nationstar having utilized an automatic telephone dialing system to contact Plaintiff Reed's cellular telephone and home telephone without having obtained Plaintiff Reed's express consent to do so.  *Compare* Complaint in No. 5:14-CV-00273-SO [Doc. 1] (the "*Sinley* Complaint"), ¶¶ 9, 11 with Complaint in No. 1:14-cv-1701-PAG [Doc. 1] (the "*Reed* Complaint"), ¶¶ 13, 19.   Additionally, both Plaintiffs Sinley and Reed seek statutory damages, attorney's fees, and costs, as well as treble damages arising from Nationstar's willful violations of the TCPA.  *Compare Sinley* Complaint at Counts I and II with *Reed* Complaint at Prayer for Relief, ¶¶ C, E.

Moreover, while the *Reed* action is a class action and the *Sinley* action is not, both cases share predominant questions of law and fact, namely: (a) whether Nationstar placed non-emergency calls to the plaintiffs' cellular phones using an automated telephone dialing system without having obtained plaintiffs' consent to do so; and (b) whether Nationstar's conduct was knowing and willful, or negligent.  *See Reed* Complaint at ¶ 63.  Therefore, "[i]t is clear that the cases are related ... in that they call for a determination of the same or substantially identical questions of law or fact and it would entail a substantial duplication of effort and expense by the

Court and the parties if [these two cases are] heard by different judges." *See Safety Today, Inc. v. Roy,* No. 212-CV-510 and 212-CV-929, 2013 U.S. Dist. LEXIS 43659, at *4-5 (S.D. Ohio March 27, 2013) (finding two cases were related under the Southern District's version of Local Rule 3.1(b)).

 Furthermore, a finding that these actions are related and a transfer of the *Reed* action to Judge Oliver's docket will avoid the possibility of inconsistent rulings on similar, if not identical issues should the two cases remain assigned to two different District Judges.  Accordingly, a finding of relatedness and a transfer of the *Reed* action to Judge Oliver's docket will clearly serve the interests of judicial economy.

Moreover, were this Court to grant the relief sought by Plaintiff Reed, the parties to the *Sinley* action would not be prejudiced in any way because Plaintiff Reed *is not* seeking to: (i) have the *Reed* action consolidated with the *Sinley* action; or (ii) proceed on the schedule established by Judge Oliver's June 5, 2014 Case Management Conference Order in the *Sinley* action.  Accordingly, a finding of relatedness and a transfer of the *Reed* action to Judge Oliver's docket would not interfere with the adjudication of the *Sinley* matter in any way, nor would it interfere with the settlement conference that Magistrate Judge McHargh has ordered to occur in the *Sinley* action on September 23, 2014.

## CONCLUSION

Because a finding of relatedness and transfer of the *Reed* action to Judge Oliver's docket will serve the interests of judicial economy by allowing a single District Judge who has already familiarized himself with the facts and law necessary to adjudicate both the *Sinley* and *Reed* actions in an efficient manner, and because the relief sought, if granted, will not prejudice the parties to the *Sinley* action in any way, plaintiff Reed respectfully requests that the Court enter an

order: (i) finding the *Reed* action related to the *Sinley* action; and (ii) transferring the *Reed* action to Judge Oliver's docket.

Dated:  August 20, 2014                          Respectfully submitted,

                                                 s/Jack Landskroner
                                                 Jack Landskroner (0059227)
                                                 Drew Legando (0084209)
                                                 **LANDSKRONER GRIECO MERRIMAN LLC**
                                                 1360 West 9th Street, Suite 200
                                                 Cleveland, Ohio 44113
                                                 T. (216) 522-9000
                                                 F. (216) 522-9007
                                                 E. jack@lgmlegal.com, drew@lgmlegal.com

                                                 Paul O. Paradis
                                                 Gina M. Tufaro
                                                 **PARADIS LAW GROUP, PLLC**
                                                 570 Seventh Avenue, 20th Floor
                                                 New York, NY 10018
                                                 T. (212) 986-4500
                                                 F. (212) 986-4501
                                                 E. PParadis@hhplawny.com,
                                                 GTufaro@hhplawny.com

                                                 *Counsel for Plaintiff and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically on August 20, 2014.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/Jack Landskroner
Jack Landskroner (0059227)